**Hector AGUILUZ–PINEDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71415.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2014.

Filed July 24, 2014.

Jamahl Calvin Kersey, Esquire, Kersey & Sabawi, San Diego, CA, for Petitioner.

Hector Aguilez–Pineda pro se.

Yamileth G. Handuber, OIL, Brianne Whelan Cohen, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BENAVIDES,* WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hector Aguiluz–Pineda petitions for review of a BIA decision denying him cancellation of removal under 8 U.S.C. § 1231(b)(3). Citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA adopted and affirmed the IJ's decision, which concluded that Aguiluz–Pineda was statutorily barred from cancellation of removal for having been convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). Because the IJ failed to analyze this application for relief under the applicable *Matter of Y–L–* factors, we grant the petition for review and remand for application of these factors. *See* 23 I. & N. Dec. 270, 276–77 (Att'y Gen.2002).

We have jurisdiction over legal questions. 8 U.S.C. § 1252(a)(2)(D). In addition, 8 U.S.C. § 1252(d)(*l* )'s exhaustion requirement is not a bar to our review of the issue presented here, as the IJ explicitly conducted the particularly serious crime

---

* The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determination and the BIA adopted and affirmed her decision under *Matter of Burbano.* *See Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc). We review the IJ's decision for an abuse of discretion. *Arbid v. Holder,* 700 F.3d 379, 383 (9th Cir.2012) (per curiam).

The Attorney General recognized the very rare possibility that a drug trafficking offense may not qualify as a particularly serious crime in *Matter of Y–L–.* *See* 23 I. & N. Dec. at 276–77. There is a strong presumption that drug trafficking offenses constitute particularly serious crimes but, under *Matter of Y–L–,* an exception to this presumption exists in rare cases where an alien makes, at a minimum, a showing that six factors rendered his drug trafficking offense insufficiently serious to constitute a particularly serious crime. *See id.* at 275–77. Because the government conceded at oral argument that this case should be analyzed under *Matter of Y–L–,* the IJ abused her discretion by failing to consider the *Matter of Y–L–* factors and a remand is required to allow the IJ to determine in the first instance whether Aguiluz–Pineda's application should get the benefit of the *Matter of Y–L–* exception. We therefore grant Aguiluz–Pineda's petition for review and remand for application of *Matter of Y–L–.*

**PETITION FOR REVIEW GRANTED; REMANDED.**